**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OTILIA DELACRUZ-PEREZ, AKA
Othilia De La Cruz-Perez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-72839

Agency No. A205-274-151

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]
Seattle, Washington

Before:  CLIFTON, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

Otilia de la Cruz-Perez, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals dismissing her appeal of the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable D. Michael Fisher, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

Immigration Judge's denial of asylum, withholding of removal and CAT relief. We deny the petition.

This court reviews "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (internal quotation omitted). We review the agency's factual findings for substantial evidence and reverse only if the record "compels" a contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal citation omitted).

1. Substantial evidence supported the BIA's determination that any future harm that de la Cruz would experience from Los Zetas in Mexico would be only for economic reasons, and would not be on account of her political opinion or membership in her family. De la Cruz testified about incidents involving her husband's cousins, but there is no contention that they were harmed on account of their political opinion or family membership. Moreover, de la Cruz submitted a

declaration stating that her "father was targeted because our family's ranch is large, and there are multiple houses on it."[1]

2.  Substantial evidence supported the BIA's determination that de la Cruz did not show that she would more likely than not be tortured if removed to Mexico.[2] The BIA relied, in part, on the IJ's finding that her brother had been removed to Mexico, now resides with de la Cruz's mother in the same place that de la Cruz will live if she returns to Mexico, and has not been targeted by Los Zetas. In this petition, de la Cruz claims that the agency's reliance on her brother's situation in Mexico ignored evidence demonstrating that "a male who is targeted by the gangs is at far less personal risk than a woman who is targeted." De la Cruz never raised an argument to the BIA that the IJ failed to consider evidence that being a woman would make her more vulnerable than her brother to future torture, and it is therefore unexhausted. *See Abebe*, 554 F.3d at 1207-08. Even considered

---

[1]  To the extent that de la Cruz argues that she will be targeted based on Los Zetas' alleged dual motive to suppress political opposition, or in retaliation for her family's potential future resistance to Los Zetas, we lack jurisdiction to consider these arguments because de la Cruz failed to exhaust them before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207-08 (9th Cir. 2009).

[2]  Because we affirm on the grounds that de la Cruz has failed to meet her burden of proof as to the likelihood of torture, 8 C.F.R. § 1208.16(c)(2), we need not address her arguments regarding acquiescence by a public official. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.4 (9th Cir. 2016).

3

on the merits, the evidence that she cites does not compel the conclusion that she would be more vulnerable than her brother based on her status as a woman.

**PETITION DENIED.**